† KITTREDGE V. MILLER AND TAFEL, TRUSTEES.

1. ADVERSE DECISION OF SUPERIOR COURT NO BAR TO ACTION SUBSEQUENTLY BROUGHT IN PROBATE COURT.

An adverse decision by the superior court on demurrer to a petition against an assignee for recovery of compensation for securing a fund for the trust estate in a proceeding not yet terminated, is not a bar to a subsequent suit begun in the probate court; and the superior court cannot fix the amount to be paid for such services, or determine whether payment shall be made out of the trust fund,·and is without jurisdiction to hear such a case.

2. CONSTRUCTION OF PROVISION AS PROVIDED FOR IN SECTION 6352, REVISED STATUTES.

The thirty days' time, section 6352, Revised Statutes, within which to bring suit on a claim rejected by an assignee probably relates only to claims against the assignor, and not to claims arising during the settlement of a trust; the thirty days is not a period of limitation, but a period after which distribution may be made.

3. FAILURE TO BRING SUIT, NOT A BAR, WHEN.

Failure by the plaintiff to bring the present suit within six years after the services were rendered is not a bar under the general statutes of limitations, in view of the previous suit which passed through the superior and supreme courts.

4. COUNSEL FOR ASSIGNEE TO BE PAID OUT OF THE TRUST FUNDS.

An assignee is authorized to employ counsel to aid in the administration of the trust, and such counsel is entitled to be paid out of the trust fund, and the fact that his fees have not been actually paid is not ground for refusal by the court to order payment.

5. AUTHORITY OF PROBATE COURT UNDER SECTION 5205 TO MAKE FINDINGS OF LAW AND FACT.

Error as well as appeal may be prosecuted from a judgment by the probate court, and the probate court has authority under section 5205, Revised Statutes, to make a finding of facts separately from its conclusions of law.

SMITH, J.

We state our conclusions in this case very briefly.

*First*—We are of the opinion that the judgment rendered by the superior court of Cincinnati, and afterwards affirmed by the supreme court, in the case prosecuted by Mr. Kittredge against Miller and Tafel, trustees, to recover his claim against said trustees for the same compensation, which is now sought to be collected in this proceeding instituted in the probate court, and which judgment was pleaded in bar in this action, was not a bar thereto and for the reasons: First, that such action was not decided upon the merits, the question having arisen upon a demurrer to the petition, and having been sustained upon the ground that it did not contain any allegation that the plaintiff was entitled to compensation for securing a fund for the benefit of the trust estate, and that it had been realized, the fact being that at the time of the commencement of the suit, and when the judgment was rendered, the case in which the services were rendered was still pending and undisposed of, and no money as the result of the action had been collected by the trustees. And second, for the additional reason that the superior court had not

†Affirmed by the Supreme Court, without report; 56 O. S., 779.

jurisdiction to hear and adjudicate the question whether an attorney employed by an assignee of an insolvent estate to transact business in the settlement of said trust, is entitled to be paid from the trust funds a compensation therefor, and fix the amount thereof, and render a judgment or decree that such amount be paid by the assignees [trustees] from said trust fund.

Revised Statutes 524, provides that "the probate court shall have exclusive jurisdiction except as hereinafter provided. * * * "*Ninth*, to qualify assignee and appoint and qualify trustees and commissions of insolvent debtors, control their conduct and settle their accounts." And as held in *Betz* v. *Snider*, 48 O. S., 492, " Upon the filing of the assignment the assignee is required to enter into a bond for the faithful performance of his duties; and from that time the administration of the assignment becomes a pending proceeding in the probate court and so continues until the trust is fully executed. * * * The probate court is invested with complete jurisdiction of the whole subject matter of the assignment, and of its administration to final completion." And having this power, and, as it seems to us, the exclusive right to determine in the first instance what payments are to be made from the estate being administered, for the expenses of administering the same, it would follow that the superior court had not jurisdiction to do so, and therefore, its judgment in that case, even if it had been one upon the merits, would not have operated as a bar to a proper proceeding in the probate court to obtain an order from that court that the trustees pay to Mr. Kittredge the reasonable value of the services rendered by him to the estate at the instance of the assignee, and under a contract, as in this case, that he was to receive payment therefor from the trust estate.

*Second*—It is urged by the counsel for the trustees that as the action in the superior court, or this proceeding in the probate court was not commenced within thirty days after the rejection of his claim by the trustees, that he is forever barred from prosecuting any proceeding for the allowance or recovery of such claim under the provisions of section 6352, Revised Statutes. We are of the opinion that this claim is not well founded. In the first place, we incline strongly to the opinion that this section provides for the presentation of claims which existed against the assignor, and not to those which arise in course of the settlement of the trust. But if this be not so, then in our view the statute in question is not one of limitations. It does not provide as does section 6097 of the administration statute, that if suit is not brought on a rejected claim within six months after the rejection, that the claim is forever barred. If the action against an assignor is not sued on within thirty days after its rejection, distribution of the assets of the estate may be made without reference to it. But we understand it to be the express holding of the supreme court, in *Owens* v. *Ramsdell*, 33 O. S., 439, "that a creditor may come in at any time for his equitable share of the assets *unadministered*, or not lawfully disposed of at the time he presents or prosecutes his claim for allowance in the mode prescribed by statute. See also *Harper* v. *Luckey*, 40 O. S., 602.

*Third*—Nor do we think that the right of Mr. Kittredge to begin and maintain this proceeding in the probate court was barred by the general statutes of limitations of six years. The action in the supreme court was commenced in due time. It was substantially the same cause of action as this one, viz.: To obtain from this estate the same compensation for the same services. In it the plaintiff failed otherwise than upon the

Kittredge v. Miller and Tafel, Trustees.

merits, and this proceeding was commenced within one year from the final determination of the other case.

*Fourth*—It seems clear to us that our statutes in relation to the settlement of the insolvent estates authorize the assignee to employ counsel to aid and assist him in the proper administration of the trust, and of the duties which the law imposes upon him, and that where such employment is made, under an arrangement that the counsel is to be paid from the trust fund, that he theeby becomes entitled to receive therefrom such reasonable compensation as the probate court (in the first instance) may find right. Revised Statutes, 6357, recognizes the right of the assignee to employ counsel, when it provides therein for the allowance to an assignee before a dividend is declared of his commissions, actual and necessary expenses, and extraordinary services, and also for "such reasonable counsel fees as may be necessary for the proper administration of said assignment, whether performed by the assignee or trustee as attorney or such other *as may be employed by him.* And the claim made by counsel for the defendant in error, that unless such attorney fees have been actually paid by the assignee before the court has any power to say whether the attorney has any claim against the trust fund, or what would be a reasonable amount therefor, seems to be to us wholly untenable. The right and duty of the court to do this is clear if the assignee has, in fact, paid it. But is it any the less the duty of the court to do it in a case where the employment has been made and the beneficial services rendered, but before they are paid for or the estate ready to be divided, the assignee dies and his successor succeeds to the funds and the administration of the trust? Does the fact of the death of the assignee who employed the attorney, or the arbitrary refusal of the successor to pay anything to the attorney, or to apply to court to say whether he should pay anything thereon, and if so, how much, absolutely put an end to his claim for just compensation from the estate? Such a conclusion would be abhorent to the sense of justice of every one, and such a construction should not be placed upon the statute. Surely if Miller and Tafel, who succeeded to the trust, had paid the claim of the plaintiff, and on the settlement of their accounts the court had found on their affidavits, and other proof, if offered, that there was such an employment by the former assignee, and that the services never were performed for and were necessary for the assignment, and that the amount so paid was reasonable, and not more than is usually paid for such services, and were performed under the direction of the assignee, it would be the duty of the court to allow the voucher therefor as a credit to the assignee so paying it. And, as we have said, the assignee making the employment, or his successor in the trust, can not in our opinion, by his mere refusal to do this, cut off all right of the attorney to payment of a fair compensation for his services. If the original assignee who employed the counsel, or his successor in the trust, disputes the employment or the amount of compensation therefor, the matter should be submitted to the court, and if the proof shows that the attorney is entitled to be paid from the trust fund, the court should require it to be paid, if there be funds to pay it. We think the court has full power to do this, and in our judgment, on the facts as found by the court in the finding of facts, such an order ought to have been made in this case for the whole claim of Mr. Kittredge, and will now be made.

*Fifth*—We think that the motion to strike this petition in error from the files is not well taken. It is claimed by the counsel for defendant in

error that under our statutes, particularly under section 6407, which allows an appeal from a decision of the probate court in a case of this kind, that is the only way in which the plaintiff in error could review this judgment of the probate court, and that he did not appeal, but prosecuted error to the court of common pleas. But section 6708 expressly provides that a judgment rendered on final order made by the probate court may be reversed, vacated or modified by the court of common pleas, and this warranted the filing in the court of common pleas a petition in error to reverse the judgment of the probate court.

*Sixth*—It is further claimed that the probate court was not warranted in making a finding of facts, separately from its conclusions of law, under section 5205, Revised Statutes. But section 6411 makes the provisions of law governing civil proceedings in the court of common pleas, in so far as they are applicable, govern like proceedings in the probate court, when there is no provision on the subject in the probate court laws. We think that section 5205 applies to proceedings in the probate courts.

     *J. W. Warrington*, for Plaintiff.

     *I. J. Miller*, contra.